IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WENDELL F. FAIRMAN,

                                        OPINION and ORDER

              Plaintiff,

                                        08-cv-115-bbc

     v.

CORRECTIONAL OFFICER PEAK,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action brought under 42 U.S.C. § 1983, plaintiff Wendell Fairman, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, contends that defendant Correctional Officer Peak violated his rights under the Eighth Amendment when defendant slammed and fractured plaintiff's fingers in the trap of his cell door and then refused to arrange for emergency medical care for him.

       Now before the court is defendant's motion for summary judgment seeking dismissal of plaintiff's complaint for his failure to exhaust his administrative remedies. Because plaintiff concedes that he failed to complete the required administrative appeals process, defendant's motion will be granted.

1

UNDISPUTED FACTS

On December 17, 2007, plaintiff Wendell Fairman was a prisoner who was housed at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. On December 19, 2007, plaintiff filed Offender Complaint numbers WSPF-2007-37684 and WSPF-2007-37395, in which he stated that defendant Correctional Officer Peak had assaulted him when he "slammed" plaintiff's fingers in the trap in the cell door. On December 26, 2007, the inmate complaint examiner recommended dismissal of plaintiff's complaints on the ground that plaintiff had not cooperated in the complaint process because he refused to provide staff with a written or oral statement when asked to do so. The inmate complaint reviewer agreed and dismissed both complaints on December 28, 2007. Plaintiff did not appeal either dismissal to the corrections complaint examiner.

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the

2

time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. Defendant has the burden to prove that plaintiff failed to comply with § 1997e(a). Jones v. Bock, 127 S. Ct. 910, 919 (2007).

Although plaintiff filed timely complaints with the inmate complaint examiner, as he was required to do under Wis. Admin. Code § DOC 310.09(1), he did not appeal the dismissal of those complaints. An inmate who is dissatisfied with the decision of the reviewing authority must appeal that decision to the corrections complaint examiner, who is to conduct additional investigation where appropriate and make a recommendation to the secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Because plaintiff did not appeal the dismissal of his complaints, he did not complete the required exhaustion process. See, e.g., Dixon v. Page, 291 F.3d 485, 489 (7th Cir. 2002) (plaintiff failed to exhaust when he did not file administrative appeal, as required by grievance procedure).

Plaintiff does not contend that he completed the grievance process. Rather, he advances two arguments for disregarding this deficiency. First, he argues that the incident giving rise to his complaint, which he characterizes as assault and battery, is so serious that he should not be prevented from pursuing his complaint because of a technicality. In addition, he asserts that he filed a third inmate complaint regarding this incident, which was dismissed as well, but that defendant did not submit it to the court. Neither argument is

3

persuasive.

The nature of the underlying grievance does not affect whether a prisoner must exhaust his administrative remedies before filing a complaint in federal court. Instead, the rule regarding exhaustion is strict. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). District courts lack discretion to decide claims on their merits if a prisoner has not satisfied the Prison Litigation Reform Act's exhaustion requirement, no matter how sympathetic the merits may be. Dixon, 291 F.3d at 488.

Next, it would be odd if defendant did not submit all of the inmate complaints that plaintiff filed regarding this incident. However, I need not consider plaintiff's contention that he filed a third complaint that defendant does not discuss, because he has submitted no evidence in support of his assertion. Instead, he simply argues in his brief in opposition to defendant's motion that there was a third dismissed complaint. I cannot consider this as a "fact." Procedures to be Followed on Motions for Summary Judgment, I.B.4. ("The court will not consider facts contained only in a brief.").

Accordingly, I conclude that defendant has met his burden to show that plaintiff failed to exhaust his administrative remedies with respect to his claims that defendant fractured plaintiff's fingers by slamming the trap of plaintiff's cell door on them and then refused to arrange for emergency medical care for plaintiff. These claims will be dismissed without prejudice to plaintiff's refiling them after he has exhausted his administrative

remedies. Although it appears highly unlikely that plaintiff will be able to complete the grievance process now, the court of appeals has held that a dismissal for failure to exhaust is always without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

## ORDER

IT IS ORDERED that defendant Correctional Officer Peak's motion for summary judgment is GRANTED. Plaintiff Wendell Fairman's claims that defendant intentionally fractured his fingers and then refused to arrange to emergency medical care for plaintiff are DISMISSED without prejudice to plaintiff's refiling them after he has exhausted his administrative remedies.

Entered this 21st day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge