IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WENDELL F. FAIRMAN,

                                                ORDER

          Plaintiff,

                                                08-cv-115-bbc

     v.

CORRECTIONAL OFFICER PEAK,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Judgment of dismissal without prejudice was entered in this case on May 21, 2008, after I concluded that plaintiff had failed to exhaust his administrative remedies on his claims against defendant Correctional Officer Peak. Those claims were that Peak had intentionally slammed a trap door on plaintiff's fingers, fracturing them, and had failed to seek medical treatment for plaintiff's injuries. Now plaintiff has filed three documents (Dkt. ## 27, 28 and 29) that I construe together as a timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.

      In support of his motion, plaintiff contends that defendant withheld information about his exhaustion efforts when they moved for summary judgment and contended that he had not exhausted his administrative remedies. To prove his point, plaintiff has

1

submitted a copy of an institution complaint examiner's report for inmate complaint number WSPF-2007-37962 dated December 27, 2007, bearing a summary that reads, "Alleges his conduct report was dismissed without investigation." In the section titled "Summary of Facts," examiner Ellen Ray states

> The ICE contacted Inmate Fairman on 12/27/07 and discussed [Department of Adult Institutions Policy & Procedure 310.00.01] with him. The inmate does not wish to complete a statement outside of the ICRS. As such, dismissal of this complaint is recommended as Inmate Fairman refused to cooperate.

In the section titled "ICE Recommendation," Ray recommends dismissal of plaintiff's complaint.

Although it is not readily apparent from the document plaintiff has submitted that complaint WSPF-2007-37962 is, indeed, a complaint that is related in some way to the claims he raised in this lawsuit against defendant Peak, I will assume that it is. Even so, plaintiff has submitted nothing to show that he appealed the dismissal of this complaint to the Corrections Complain Examiner and any dismissal of his appeal to the office of the Secretary of the Department of Corrections. Therefore, his submissions fail to clearly establish that I erred in ruling that he had failed to exhaust his administrative remedies with respect to his claims against defendant Peak.

Plaintiff should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion. Therefore, if

plaintiff intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so. The fact that I have instructed plaintiff on the time limitations for filing an appeal should not be understood as expressing any view of the court whether plaintiff should or should not file an appeal.

ORDER

IT IS ORDERED that plaintiff Fairman's "Motion for Reconsideration of the Court's Denial of my Case" (Dkt. #28), "Affidavit" (Dkt. #27) and "Motion for a Declaratory Judgment Pursuant to Rule 57" (Dkt. #29), construed together as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, is DENIED.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3